MISSOURI, K. & T. RY. CO. OF TEXAS v. McCALL.†

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 6, 1912. Rehearing Denied Jan. 27, 1912.)

1. RAILROADS (§ 481*) — FIRES — ACTIONS — EVIDENCE—SPEED OF TRAIN.

In an action against a railroad company for the destruction by fire of a warehouse on the right of way, evidence as to the rapid speed of the train claimed to have fired the warehouse was admissible to show that there was more fire than usual in the engine, making its escape more probable.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 481.*]

2. TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

Where, in an action against a railroad company for loss of a warehouse by fire from an engine, there was no evidence to show that plaintiff had possession of the warehouse under a lease which exempted defendant from liability for destroying the warehouse by fire, a requested charge as to the legal effect of the lease was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

3. TRIAL (§ 252*)—INSTRUCTIONS.

Where the undisputed evidence, in an action against a railroad company for the destruction of a warehouse by fire, showed that plaintiff's property ignited from another warehouse, a requested charge submitting contributory negligence of plaintiff in permitting combustible materials to accumulate about his warehouse was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

Appeal from District Court, Montague County; Clem B. Potter, Judge.

Action by C. McCall against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Speer & Weldon and Alex S. Coke, for appellant. Geo. S. March and W. T. Russell, for appellee.

SPEER, J. This is an action by C. McCall to recover from the Missouri, Kansas & Texas Railway Company of Texas damages for the alleged negligent destruction by fire of a warehouse and contents situated on the railway company's right of way in the town of Nocona. The controversy was submitted to a jury, who returned a verdict for the plaintiff for $1,324.75, and from a judgment for that amount the defendant has appealed.

[1] The first complaint—that is, that the court erred in permitting testimony as to the rapid rate of speed of the train when it set fire to the warehouse—is overruled because the jury might well have concluded from the circumstances that more fire than usual was being used, and that, therefore, its escape was rendered more probable.

[2] There was no error in refusing to instruct the jury in regard to the legal effect of the contract of lease offered by appellant, since there was absolutely no evidence tending to connect appellee's possession with such contract. That he held under such lease (the terms of which exonerated appellant from liability by fire) is a mere suspicion, and that he did not is a conclusion as readily deducible from the evidence as that he did.

[3] Counsel for appellant requested a charge submitting the issue of contributory negligence, applying the law to the facts proved, to the effect that appellee had permitted shucks and other combustible materials to accumulate about his warehouse. But the difficulty in this regard is that such act upon the part of appellee, if negligent, was not the proximate cause of the fire, since the undisputed evidence shows the fire was communicated to another warehouse standing near to appellee's from which his property was ignited. The question of contributory negligence in permitting shucks to accumulate about his property was therefore not an issue in the case. A general charge on contributory negligence was submitted which had the effect to protect appellant from the negligence of appellee in storing his property in an exposed situation generally.

What we have said disposes of all issues adversely to appellant.

The judgment is affirmed.

---

† Writ of error denied by Supreme Court.